# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

JACOBY BAILEY                                CASE NO. 3:20-CV-00362

VERSUS                                     JUDGE TERRY A. DOUGHTY

LLOYD D. NABORS DEMOLITION,        MAG. JUDGE KAREN L. HAYES
L.L.C., ET AL.

## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b) and Standing Order 3.311, the District Court referred the above-captioned matter to the undersigned magistrate judge for review, report and recommendation.  For reasons that follow, it is recommended that the case be dismissed, without prejudice, for lack of subject matter jurisdiction.  Fed.R.Civ.P. 12(h)(3).

## Background

On March 25, 2020, Jacoby Bailey filed the above-captioned matter in federal court on the basis of diversity jurisdiction.  28 U.S.C. §1332.  Subsequently, on April 20, 2020, plaintiff filed, what appears to be, an all but identical suit against the same parties, for the same accident, in the Third Judicial District Court for the Parish of Lincoln, State of Louisiana.  On May 29, 2020, defendants, Lloyd D. Nabors Demolition, L.L.C. and Justin A. Hartsfield, removed that suit to federal court on the basis of diversity jurisdiction.  *See Bailey v. Allied World National Assurance Co., et al.*, No. 20-0697 (W.D. La.) ("*Bailey II*").

On June 4, 2020, the court reviewed the complaint in the initial suit, as twice amended, and identified deficient or ambiguous allegations of jurisdiction that plaintiff needed to correct.  (June 4, 2020, Order [doc. # 29]).  The court stated that, **"[a]ssuming plaintiff still wishes to**

**proceed with this case (instead of [his] later-filed case)**, plaintiff is granted leave of court to file another amended complaint for the limited purpose of establishing diversity jurisdiction." *Id.* (emphasis added). The court afforded plaintiff seven days in which to amend his complaint, and cautioned that if he failed to do so, then the undersigned would recommend dismissal of the case. *Id.*

The foregoing delay has lapsed, without any response from plaintiff.[1] The matter is now before the court.

## Law and Analysis

Before reaching the merits of a case, federal courts are obliged to ensure that they enjoy subject matter jurisdiction to entertain the matter. *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430-431, 127 S.Ct. 1184, 1191 (2007); *Smith v. Texas Children=s Hospital*, 172 F.3d 923, 925 (5th Cir. 1999) (courts must examine the basis for the exercise of federal subject matter jurisdiction). This practice ensures that a court without jurisdiction does not end up "prematurely dismissing a case with prejudice." *In re FEMA Trailer Formaldehyde Products Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012) (citation omitted). Lack of subject matter jurisdiction may be raised at any time. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999). A court must raise the issue *sua sponte* if it discovers that it lacks subject matter jurisdiction. *Id.*

---

[1] Although removing defendants in *Bailey II*, 20-0697, filed a motion to consolidate the two cases, consolidation does not remedy the deficient allegations of citizenship in the original suit. Rather, consolidated cases remain distinct, and each case must be considered separately to determine jurisdiction. *Hall v. Hall*, ___ U.S. ___, 138 S.Ct. 1118, 1130–31 (2018) (citations omitted).

Moreover, it is axiomatic that federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The burden of establishing federal jurisdiction rests with the party invoking the federal forum. *Id.* Indeed, "there is a presumption *against* subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted) (emphasis added).

When, as here, jurisdiction depends on citizenship, "citizenship must be '*distinctly* and *affirmatively* alleged.'" *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted) (emphasis in citing source); *see also*, *Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir.1983) (the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference); *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975) (e.g., alleging that defendant is incorporated in a state "other than" that of plaintiff is insufficient). This rule requires "strict adherence." *Getty Oil, supra.*

In this case, the undersigned notified plaintiff that he had failed to properly allege the citizenship of defendants, Allied World Specialty Insurance Company and Lloyd D. Nabors Demolition, L.L.C. (June 4, 2020, Order [doc. # 29]). The court further noted that plaintiff could find the pertinent citizenship information in *Bailey II*. *Id.* Nonetheless, plaintiff failed to amend his complaint to incorporate the requisite jurisdictional allegations.

Where, as here, a party has been permitted an opportunity to amend his pleadings to establish diversity jurisdiction and still fails to do so, dismissal is warranted. *See Patterson v. Patterson*, 808 F.2d 357, 358 (5th Cir. 1986); *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th

3

Cir. 1991) ("Failure adequately to allege the basis for diversity jurisdiction mandates dismissal."); Fed.R.Civ.P. 12(h)(3).  Accordingly,

IT IS RECOMMENDED that the instant case be DISMISSED, without prejudice, for lack of subject matter jurisdiction.  Fed.R.Civ.P. 12(h)(3).

Under the provisions of 28 U.S.C. '636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 15th day of June 2020.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

4

5